**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF ALABAMA**

**SOUTHERN DIVISION**

| | |
|---|---|
| TALISMAN CASUALTY INSURANCE COMPANY, LLC,<br>        PLAINTIFF,<br><br><br>VERSUS<br><br>CARIBE VENTURES, LLC,<br>        DEFENDANT | CIVIL ACTION NO.  1:21-CV-00091 |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW INTO COURT,** by and through undersigned counsel, Plaintiff, Talisman Casualty Insurance Company, LLC ("Talisman"), who, for its complaint against defendant, Caribe Ventures, LLC ("Caribe"), for declaratory judgment, respectfully alleges as follows:

1.

This action is filed under and pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201.

2.

This matter involves a declaration of rights regarding the extent of insurance coverage under a contract of marine insurance and, therefore, comes within the Admiralty and Maritime Jurisdiction of this Honorable Court under 28 U.S.C. §1333(1).  This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

{B3754611}

3.

Venue is proper in this Honorable Court under 28 U.S.C. §1391.

4.

As hereinafter more fully described, a justiciable case of actual controversy exists between Talisman and Caribe involving the rights and obligations of the parties under a contract of marine insurance.

5.

Plaintiff, Talisman, is a foreign insurance company incorporated under the laws of the State of Nevada with its principal place of business in Carson City, Nevada, and at all material times herein, was the underwriter of a certain policy of marine insurance issued to defendant, Caribe.

6.

Defendant, Caribe, is an Alabama business organization having its principal place of business in Orange, Alabama, and is in the business of operating a passenger vessel.[1]

7.

At all material times herein, Talisman was the underwriter of Hull and Machinery/Protection and Indemnity Insurance Policy No. CAVE202005549 with Port Risk Endorsement (the "Policy") issued to defendant, Caribe, for the policy period of May 23, 2020, to May 23, 2021, with policy limits of $5,000,000 and a hull deductible of $25,000 and a P&I deductible of $25,000.  A copy of the Policy is attached hereto as Exhibit A, and all of the terms, provisions, conditions, limitations, warranties, and

---

[1] The Alabama Secretary of State has no reference to Caribe Ventures, LLC, but lists the entity as a corporation.

{B3754611}                                                                                          - 2 -

exclusions of the Policy are specifically incorporated herein, as if set forth and copied herein in extenso.

8.

The Policy contains a Schedule of Vessels listing the M/V ARGOSY (hereinafter sometimes the "vessel"), a passenger vessel built in 1997, with a length overall of 394.7 feet, a width of 88 feet, and a depth of 15 feet, and bearing official number 1054147 with a crew of zero persons.

9.

The Policy's declaration page states the vessel's area of operations as:

> Port Risk – Bayou La Batre
> 14284 Shell Belt Drive
> Bayou La Batre, AL  36509

10.

The Policy contains the following Misrepresentation provision:

**42.    MISREPRESENTATION (H&P) (HP-110)**

If the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject matter thereof, or in case of any fraud, attempted fraud, or false swearing by the Assured, touching any matter related to this insurance or to the subject thereof, whether before or after a loss, coverage under this policy will be forfeited which otherwise was granted.

CLAUSES at pp. 12 of 15, ¶ 42.

11.

The Clauses where the foregoing Misrepresentation provision in ¶10 is found "[a]pply to all sections of the policy and supersede and replace anything in the policy to the contrary."  CLAUSES at pp. 1 of 15.

12.

The Port Risk Endorsement found in the Policy contains the following warranties:

This insurance is subject to the following warranties:

(1)     The vessel shall be laid-up in the port of 14284 Shell Belt Drive, Bayou La Batre, AL  36509 with liberty to shift (in tow or otherwise) between approved lay-up sites within the port or to proceed to cargo or fitting out berths within said port prior to commencing or proceeding on a voyage;

(2)     The Vessel shall not be used as a storage ship or for lightering purposes;

(3)     The Vessel shall undergo no repairs or alterations.  In case of any breach of this warranty (3) the Vessel shall be held covered, provided (a) notice is given to the Underwriters immediately following receipt of knowledge thereof by the Assured, and (b) any amended terms of cover and any additional premium required by the Underwriters are agreed to by the Assured.

If the Vessel commences or proceeds on, a voyage during the term of this insurance, this Policy shall thereupon terminate as soon as the Vessel leaves her moorings to depart from the above named port.

It is a further condition of this insurance that the manner and place of lay-up of the Vessel shall continuously be subject to the approval of the Underwriters, and if the Assured shall decline or fail to carry out any recommendation made by them, from time to time, this Policy may be cancelled by notice in the manner provided for in this Policy relating to cancellation for non-payment of premium.

H&P-0014 Port Risk Endorsement at p. 1 of 1.

13.

On or about October 28 and 29, 2020, the vessel was alleged to have suffered damage during Hurricane Zeta when seawater entered the main machinery spaces.

14.

Talisman received notice from Caribe of damage to the vessel on October 29, 2020, and dispatched surveyors to assess the alleged damage.

15.

The vessel's location at the time of the survey was 14750 States Dock Road, Bayou La Batre, Alabama, and not the approved lay-up location of 14284 Shell Belt Drive, Bayou La Batre, Alabama, stated and warranted in the Policy.

16.

Caribe had not notified Talisman of this change in the vessel's lay-up location and had not sought Talisman's approval of this new location.

17.

Surveys of the vessel found that, at some time prior to the arrival of Hurricane Zeta, the engines were operational as such Caribe had removed from the vessel certain through-hull flanges and piping associated with five of the six propulsion generator prime mover keel cooler structures and replaced them with temporary block-off flange plates.

18.

Caribe had not notified Talisman that it had removed from the vessel certain through-hull flanges and piping associated with five of the six propulsion generator prime mover keel cooler structures and replaced them with temporary block-off flange plates.

19.

According to the surveyors, these temporary block-off flange plates failed during the hurricane allowing water to freely enter the vessel's main machinery spaces causing significant damage to the vessel.

20.

On December 3, 2020, Talisman, in furtherance of its handling of the claim, wrote to Caribe and requested, among other things, prior maintenance records, details of work being performed on/to the vessel prior to the storm, and any inspections that had been completed.

21.

In response to Talisman's request, Caribe produced several invoices including one dated March 31, 2020, stating "Various Chiller Refurb w/AHU Service" and showing a project amount of $259,251.00, of which $150,000.00 was still owed.  No records were produced in reference to the alterations of the keel cooler structures.

22.

Caribe had not notified Talisman of any of the repairs or alterations to the vessel evidenced by the invoices produced in response to Talisman's request described above in Paragraphs 20 and 21.

23.

On January 26, 2021, Talisman sent a letter to Caribe reserving all rights and defenses under the policy pending the further investigation of Caribe's claim.  Caribe has not replied to the Reservation of Rights letter.

24.

Upon information and belief, the repairs and/or alterations made by Caribe to the vessel, prior to Hurricane Zeta, was the cause of the vessel sinking.

## Count One—Breach of Warranty

25.

In conducting major repairs and/or alterations to the vessel without immediately notifying Talisman, Caribe breached the warranty set forth above in Paragraph 12 that the vessel was to undergo no repairs or alterations.

26.

Additionally, Caribe, in moving the vessel to a new lay-up location without notifying Talisman and without gaining Talisman's approval of the new lay-up location was a further material breach of the warranty set forth above in Paragraph 12 regarding the location of the vessel.

27.

Moreover, in failing to immediately notify Talisman of the major repairs and/or alterations to the vessel and the change in the vessel's lay-up location, which would have allowed Talisman to assess whether the terms of coverage and the amount of premium needed to be adjusted, Caribe materially misrepresented a fact or circumstance concerning the Policy thus forfeiting coverage under the Policy.

## Count Two—Breach of Duty of Utmost Good Faith

28.

Under the doctrine of uberrimae fidei, Caribe had a duty to fully and voluntarily disclose all facts material to a calculation of the insurance risk.

29.

Caribe's failure to immediately notify Talisman of the major repairs and/or alterations being conducted to the vessel, and its further failure to notify Talisman of the

vessel's change in lay-up location, was not only a breach of the warranties in the Policy set forth above in Paragraph 12, but was also a breach of Caribe's duty of utmost good faith (uberrimae fidei) owed to Talisman, thus voiding the Policy.

30.

Talisman contends that, under the facts set forth herein, the Policy has been voided by Caribe's breach of warranty and breach of its duty of utmost good faith such that there is no coverage for Caribe's claim for damage caused to the vessel under the Policy.

31.

Based upon the foregoing actual controversy between Talisman and Caribe, it is necessary and proper under 28 U.S.C. §2201 for this Honorable Court to declare the respective rights and liabilities of the parties under the Policy.

WHEREFORE, Plaintiff, Talisman, prays that, after due proceedings are had, there be entered herein a declaratory judgment, with costs, in favor of Talisman and against defendant, Caribe, providing the following relief:

A.    A declaration of rights that Caribe has breached the Policy warranties and its duty of utmost good faith referenced herein;

B.    A declaration of rights that the Policy issued by Talisman to Caribe has been voided by Caribe's aforesaid breach of Policy warranties and its duty of utmost good faith, and that the Policy therefore does not provide coverage for Caribe's claim for damages caused to the vessel; and

C.    All other relief in favor of Plaintiff, Talisman, that may be just and reasonable in the premises and that this Honorable Court may grant.

Respectfully submitted, this 24th day of February, 2021,

BY:    *s/ M. Warren Butler*
       M. WARREN BUTLER (ASB-3190-R56M)
       ALEX TERRY WOOD (TERRA6130)
       STARNES DAVIS FLORIE LLP
       11 N. Water St. Ste. 20290
       Mobile, AL 36602
       Telephone:  (251) 433-6049
       Fax:  (251) 445-4708
       E-mail: wbutler@starneslaw.com
       E-mail: atw@starneslaw.com

       Attorneys for Plaintiff, Talisman Casualty
       Insurance Company, LLC

**PLEASE SERVE:**
Caribe Ventures, LLC
Through its registered agent for service of process:
Mr. Larry Wireman
28103 Perdido Beach
Orange Beach, AL  36561

{B3754611}                                                        - 9 -